KILLIAN, administrator, *v.* MERRIWETHER, administrator.

GRICE, Justice. This being a suit by an administrator against a former temporary administrator of the same estate and the sureties on the latter's bond, the same being an action for an accounting, it being alleged that the temporary administrator had received and disbursed $200 illegally, and the answer admitting that the temporary administrator had collected said sum, but averring that he had disbursed the whole thereof legally; there being no brief of the evidence in the record and no statement in the bill of exceptions that there was a brief of evidence, and no attempt being made to incorporate the evidence in the bill of exceptions, the bill of exceptions, however, containing statements as to what certain portions of the testimony were, one of the chief items of disbursement being one for the payment of insurance premiums on the life of the deceased, and for certain services rendered by Mattie Killian; and the bill of exceptions containing the further recital that "There was sharp conflict in the evidence as to who paid

the premiums on this policy of life insurance, and the agent, or agents, of the insurance company who collected the premiums did not testify. There was also much conflict as to what services, if any, were rendered to the deceased by Mattie Killian;" the case having been submitted by consent of counsel to the judge to decide the issues of law and fact without a jury, and the judge in a decree, under the authority of *Young* v. *Freeman*, 153 *Ga.* 827 (113 S. E. 204), giving the temporary administrator credit for certain items, and denying credit to the temporary administrator for other items, and rendering judgment against him and his sureties for $183.60 principal; to which judgment the temporary administrator and his bondsmen excepted: *Held*, that no error is made to appear. *Judgment affirmed. All the Justices concur.*

No. 13951. JANUARY 15, 1942.

. *Jake B. Joel,* for plaintiff in error. *James W. Arnold,* contra.